UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL SHAFFER,

    Applicant,

v.                                             CASE NO. 8:24-cv-578-SDM-NHA

STATE OF FLORIDA,

    Respondent.

_____/

**ORDER**

Shaffer applies under 28 U.S.C. § 2241 for the writ of habeas corpus and requests both his immediate release and the dismissal of his charges. Shaffer contends both that the state has violated his right to a speedy trial and that, even though new charges were dismissed for lacking probable cause, he remains detained because his bond was revoked, which revocation was based on the new (but now dismissed) charges. Although not clear, the alleged speedy trial violation is based on the delay in trying him for charges for which he was originally granted a bond and not based on the new (but now dismissed) charges.

Under Section 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Also, babeas relief under Section 2241 is the

proper remedy because Shaffer asserts no challenge to the state court judgment. However, to the extent that he has a valid claim, Shaffer's action is premature.

First, although jurisdiction resides in the federal courts, Shaffer cannot proceed in federal court before presenting the claim to the state courts — a process called exhaustion of state court remedies — as explained in *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 490 (1973) (internal quotation omitted):

> The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement.

Unlike Section 2254, which explicitly requires exhaustion, Section 2241 contains no statutory exhaustion requirement. Nevertheless, a party seeking relief under Section 2241 must present the claim to the state court before seeking relief in federal court. *Moore v. DeYoung*, 515 F.2d 437, 442 (3rd Cir. 1975), explains that "although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Accord Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring) (citing *Braden* and *Moore*), *cert. denied*, 543 U.S. 1063 (2005). Shaffer fails to show that he has exhausted the available state court remedies before seeking relief in federal court.

Second, Shaffer contends that the state has failed to comply with the speedy trial deadlines established by state procedural rules. The constitutional right to a

speedy trial is not restricted by deadlines established by a state's rules of procedure. "The States, of course, are free to prescribe a reasonable period consistent with constitutional standards . . . ." *Barker v. Wingo*, 407 U.S. 514, 523 (1972). As stated above, to warrant relief under Section 2241(c) an applicant must show he is "in custody in violation of the Constitution or laws or treaties of the United States . . . ." In rejecting a claim of the denial of a speedy trial based on non-compliance with Florida's rules of procedure, *Routly v. Singletary*, 33 F.3d 1279, 1291 (11th Cir. 1994), explains that "that nowhere in the United States Constitution is there found a right to be brought to trial within 180 days." *See Allen v. Dep't of Corr. State of Fla.*, 288 F. App'x 643, 645 (11th Cir. 2008) ("Even if we construe Claim 21 as arguably raising a speedy trial claim, it at best raises only a state law speedy trial claim and not a federal speedy trial claim. Allen's Claim 21 makes no mention of a federal constitutional speedy trial violation and, indeed, expressly states that Allen 'was not brought to trial within the required time frame set forth in Florida statute.'"); c*f. Remak v. State*, 142 So. 3d 3, 6 (Fla. Dist. Ct. App. 2014) (stating that, to meet *Strickland's* prejudice requirement, a defendant must show that the state could not have brought him to trial within the recapture window).

Instead, federal courts employ a balancing test to determine whether a speedy trial was denied. To determine whether a defendant's federally-protected right to a speedy trial was violated, a court must consider (1) the length of delay, (2) the reasons for the delay, (3) the defendant's assertion of the right to speedy trial, and (4) the prejudice to the defendant. *Barker*, 407 U.S. at 530 32. The first factor acts as

a triggering mechanism, because a defendant must first show that the length of delay was presumptively prejudicial. "[A]n accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett v. United States*, 505 U.S. 647, 651 52 (1992) (quoting *Barker*). The passage of at least one year between accusation and trial is necessary to require a speedy trial analysis. *Doggett*, 505 U.S. at 652 n.1 ("[T]he lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year. . . . [I]t simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry."); *United States v. DeRose*, 74 F.3d 1177, 1185 (11th Cir. 1996) (An "eight-month delay is insufficient to merit a Sixth Amendment speedy trial violation inquiry."). Shaffer represents that his detention began in mid-July, 2023, approximately eight months ago. Consequently, Shaffer's Constitutionally protected right to a speedy trial is premature.

Lastly, the essence of Shaffer's request is for this district court to intervene into a pending state criminal proceeding. Generally, the "abstention doctrine" bars federal intervention into an ongoing state court proceeding. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The breadth of *Younger's* caution against federal intervention is explained in *Allee v. Medrano*, 416 U.S. 802, 836, 838 (1974):

> To meet the *Younger* test [and warrant federal intervention, an applicant] must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts. . . . A federal court must be cautious, however, and recognize that our criminal justice system works only by according broad discretion to those charged to enforce laws.
>
> . . . .
>
> Unless the injury confronting a state criminal defendant is great, immediate, and irreparable, and constitutes harassment, the prosecution cannot be interfered with under *Younger*. The severity of the standard reflects the extreme reluctance of federal courts to interfere with pending state criminal prosecutions.

*Accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). Shaffer presents no compelling reason to intervene in state court.

The application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Shaffer and close this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Shaffer is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the

applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Shaffer must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Shaffer cannot now proceed under Section 2241, Shaffer is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Shaffer must obtain permission from the circuit court to appeal *in forma pauperis.*

ORDERED in Tampa, Florida, on March 15, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE